UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISRAEL NOEL McKENZIE,

        Petitioner,

vs.

DERRAL G. ADAMS,

        Respondent.

No. C 08-0551 PJH (PR)

**ORDER TO SHOW CAUSE; GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS**

Petitioner, a California prisoner currently incarcerated at Corcoran State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

A jury convicted petitioner of first degree burglary and receiving stolen property. With enhancements, including for six prior strikes incurred in one plea proceeding, he was sentenced to prison for thirty years to life. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. He has also filed state habeas petitions.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for federal habeas relief, petitioner asserts that:  (1) His appellate counsel was ineffective in specified ways; (2) his trial counsel was ineffective in specified ways; (3) the prosecutor committed misconduct during closing argument, a violation of petitioner's due process rights; (4) his plea agreement on the prior offenses was breached; (5) the sentencing court abused its discretion in failing to strike the prior convictions; (6) his double jeopardy rights were violated by the sentence; (7) there was insufficient evidence to support the convictions; (8) the trial court violated due process by giving jury instruction CALJIC 2.15, an instruction which allows an inference from possession of stolen property; and (9) the sentence was cruel and unusual.

Issue five, the contention that the sentencing court abused its discretion in deciding not to strike any of the priors, is a state law issue which is not cognizable in federal habeas. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (unavailable for violations of state law or for alleged error in the interpretation or application of state law).  It will be dismissed.  The other issues are sufficient to require a response.

///

## CONCLUSION

1. Leave to proceed in forma pauperis (document number 5 on the docket) is **GRANTED**. His earlier incomplete motion (document number 2) is **DENIED** as moot.

2. Issue five is **DISMISSED**.

3. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General.

4. Respondent shall file an answer within sixty days of the entry of this order showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. Petitioner's response (called a "traverse" in habeas practice), if any, shall be filed within thirty days of the date of service of the answer.

5. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of service of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of service of any opposition.

6. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." Petitioner also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 12, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\MCKENZIE0551.OSC.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ISRAEL NOEL MCKENZIE,

        Petitioner,

  v.

DERRAL G. ADAMS,

        Respondent.

Case Number: CV08-00551 PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Israel Noel McKenzie T-58501
C.S.P. Corcoran
3B03 #203-LOW
P.O. Box 8800
Corcoran, CA 93212

Dated: 2/12/08

Richard W. Wieking, Clerk
By: Nichole Heuerman, Deputy Clerk