EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
ALLAN YANNOW, State Bar No. 63257
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5955
 Fax:  (415) 703-1234
 Email:  Allan.Yannow@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ISRAEL NOEL McKENZIE,** | C 08-0551 PJH (PR) |
| Petitioner, | **ANSWER TO ORDER TO SHOW CAUSE** |
| **v.** | |
| **DERRAL G. ADAMS,** | |
| Respondent. | |

Respondent hereby provides this answer to the order to Show Cause.

## I

### CUSTODY

Petitioner is in the lawful custody of the California Department of Corrections after having been convicted in the Superior Court of California of residential burglary and of receiving stolen property. Cal. Pen.Code Sections 459/460, 496(a).  After the court found that petitioner had suffered six prior convictions for burglary,  the court imposed a three strikes sentence of 25 years to life for the offenses and a term of five years for a prior serious felony sentence enhancement.  Petitioner's

Answer to Order to Show Cause

1

McKenzie vs. Adams
C 08-0551 PJH (PR)

total term was 30 years to life.

## II

## EXHAUSTION

The Court of Appeal affirmed the conviction.  The California Supreme Court denied review.  Petitioner then filed petitions for writ of habeas corpus in the Superior Court, Court of Appeal and California Supreme Court, respectively.   Each petition was denied on the merits. Petitioner has no further unexhausted and available state remedies.

## III

## RECORDS SUBMITTED

The clerk's transcript is Exhibit A.  The reporter's transcript is Exhibit B. Appellant's Opening Brief and Supplemental Opening Brief are Exhibits C and C 1.  Respondent's Brief is Exhibit D. Appellant's Reply Brief is Exhibit E.  The opinion of the Court of Appeal is Exhibit F. The Petition for Review is Exhibit G.  The Order Denying Review is Exhibit H.   The Petition for Writ of Habeas Corpus filed in the California Supreme Court is Exhibit I.  The Order Denying the Petition is Exhibit J.

Petitioner has attached as exhibits to his petition, copies of the respective orders of the Superior Court and the Court of Appeal denying his petitions for writ of habeas corpus.

## IV

## DENIAL OF CLAIMS

Respondent denies all allegations in the petition for writ of habeas corpus except those that are admitted in the accompanying Memorandum of Points and Authorities which is hereby incorporated by reference.

Wherefore, respondent respectfully requests that the petition for writ of habeas corpus be denied.

Answer to Order to Show Cause

McKenzie vs. Adams
C 08-0551 PJH (PR)

2

1      Dated: May 28, 2008

2                Respectfully submitted,

3                EDMUND G. BROWN JR.
                   Attorney General of the State of California

4                DANE R. GILLETTE
                   Chief Assistant Attorney General

5

6                GERALD A. ENGLER
                   Senior Assistant Attorney General

7                PEGGY S. RUFFRA
                   Supervising Deputy Attorney General

8

9                **/s/ Allan Yannow**

10

11              ALLAN YANNOW
                 Deputy Attorney General
                 Attorneys for Respondent

12

13  AY:mto
    40259060.wpd

14  SF2008400557

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Order to Show Cause                             McKenzie vs. Adams
                                               C 08-0551 PJH (PR)

3

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  *McKenzie vs. Adams*

No.:  **C 08-0551 PJH (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **May 29, 2008**, I served the attached

**ASWER TO ORDER TO SHOW CAUSE**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER**

**NOTICE OF LODGING OF, AND INDEX TO, EXHIBITS**

 by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Israel Noel McKenzie**
**T-58501**
**C.S.P. Corcoran**
**3B03 #203-LOW**
**P.O. Box 8800**
**Corcoran, CA  93212**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 29, 2008**, at San Francisco, California.

| **M. Otanes** | | Signature |
| --- | --- | --- |
| Declarant | | |

40258319.wpd

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  ALLAN YANNOW, State Bar No. 63257
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5955
    Fax:  (415) 703-1234
8   Email:  Allan.Yannow@doj.ca.gov

9  Attorneys for Respondent

10                    IN THE UNITED STATES DISTRICT COURT

11                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                          SAN FRANCISCO DIVISION

13

**ISRAEL NOEL McKENZIE,**                     C 08-0551 PJH (PR)

14                                    Petitioner,

15              **v.**

16   **DERRAL G. ADAMS, Warden,**

17                                    Respondent.

18

19        **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER**

20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  ALLAN YANNOW, State Bar No. 63257
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5955
    Fax:  (415) 703-1234
8   Email:  Allan.Yannow@doj.ca.gov

9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13
   ISRAEL NOEL McKENZIE,                    C 08-0551 PJH (PR)
14
                            Petitioner,     **MEMORANDUM OF POINTS**
15                                          **AND AUTHORITIES IN**
            v.                              **SUPPORT OF ANSWER**
16
   DERRAL G. ADAMS, Warden,
17
                            Respondent.
18

19

20                   **STATEMENT OF THE CASE**

21         The Court of Appeal described the procedural posture of the case as follows:

22         Defendant was charged with first degree burglary (Pen.Code, §§ 459, 460, subd.
           (a)) and receiving stolen property (Pen.Code, § 496, subd. (a)). It was also
23         alleged that he had been convicted of six prior burglaries, each constituting a
           strike, and that he was subject to enhancements for these same priors under
24         Penal Code sections 667, subdivision (a), and 667.5, subdivision (b).

25         The jury found defendant guilty of both substantive charges. The prior
           convictions were tried to the court, which sustained all allegations. Defendant
26         brought a motion to dismiss strike priors under *People v. Romero* (1996) 13
           Cal.4th 497. The court denied the motion and sentenced defendant to 30 years
27         to life, as follows: 25 years to life for burglary; 25 years to life for receiving
           stolen property, stayed pursuant to Penal Code section 654; 5 years under Penal

28

1         Code section 667, subdivision (a); and 1 year under Penal Code section 667.5, subdivision (b), this punishment stricken.

2

3  Respondent's Exh. F  at 3.

4         On May 3, 2006, Court of Appeal affirmed the conviction and sentence.  Respondent's

5  Exh. F.

6         On July 19, 2006 California Supreme Court denied review.  Respondent's Exh. H.

7         On March 20, 2007 the Superior Court issued a written opinion denying a petition for writ

8  of habeas corpus. Petnr's Exh. M and N.  The California Court of Appeal and California Supreme

9  Court, respectively, summarily denied a petition for writ of habeas corpus.  Ptnr's Exh.O.

10  Respondent's Exh. J.

11         Petitioner then filed a petition for writ of habeas corpus in this Court.  On February 12,

12  2008,  this Court issued an Order to Show Cause. In that Order the Court stated that one of

13  petitioner's claims, a claim that the trial court abused its discretion in failing to strike prior

14  convictions, was not cognizable on habeas corpus.  This Court determined that petitioner's other

15  claims were cognizable.

16                       **STATEMENT OF FACTS**

17         The Court of Appeal described the pertinent facts as follows:

18  Evelyn Johnston, aged 82, testified that she lives alone in Saratoga where she owns a number of rental properties. She knew defendant because he lived in one of her rentals

19  with a female tenant. Ms. Johnston had spoken to defendant twice before the incident at issue here. On one of these occasions defendant knocked on Ms. Johnston's door and

20  asked to borrow $20. She felt pressured to lend him the money, but did not have $20 in cash so offered to take him to the bank to get it. At his insistence, she drove with him to

21  the bank, cashed a $20 check, gave him the proceeds, and dropped him off at a bus station. He gave her an I.O.U. which was later redeemed by the tenant with whom he lived.

22

23  On March 2, 2004, Ms. Johnston went shopping, arriving home around 12:30 p.m. She went into the kitchen to cook, leaving the front door open, the screen door ajar, and her

24  purse on the dining room table, where it could easily be seen from the front door. While in the kitchen, she heard no sounds of entry; but although her hearing is good, she had a

25  blower going. After an hour or an hour and a half in the kitchen, she became concerned about the fact that she had left the door open and her purse close to it. She went into the

26  dining room and found the purse gone. She searched the rest of the house to no avail. In the purse were keys, some notes to herself, some credit and ATM cards, eight to 10 dollars

27  in cash, and two checkbooks, one from Bank of America and one from Wells Fargo Bank. About 1:55 p.m. she called 911.

28

1   Arleigh Ochinero testified that around 3:00 p.m. on March 2, 2004, he went to the Bank
2   of America in Saratoga to use the ATM. He was approached by defendant, who asked him
    to cash a check for defendant's grandmother. Mr. Ochinero saw the name ""Evelyn
3   Johnston"" printed on the checks. He declined defendant's request, became suspicious,
    and at 2:52 p.m. called 911, giving a description that included a distinctive tattoo
4   matching one defendant displayed in open court. The next morning, Mr. Ochinero
    identified defendant, who was then in custody, as the man who approached him at the
    bank.
5   A postal service employee found Ms. Johnston's purse in a mailbox near the sheriff's
    department in downtown Saratoga. It was retrieved by a deputy and returned to Ms.
6   Johnston. The purse was clean and undamaged, and the only things missing were one
    checkbook and a small amount of cash. The missing checks were never used.

7

8   Respondent's Exh. F at 2.

9                           **STANDARD FOR REVIEW**

10          This Court reviews the state court's ruling under a "highly deferential" standard imposed

11   by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Woodford v. Visciotti*, 537

12   U.S. 19, 24 (2002) (per curiam). A federal court has no authority to grant habeas relief unless the

13   state court's ruling was "contrary to, or involved an unreasonable application of," clearly

14   established Supreme Court precedent. 28 U.S.C. §§ 2254(d)(1). A decision constitutes an

15   "unreasonable application" of Supreme Court law if the state court's application of law to the facts

16   is "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams v. Taylor*, 529

17   U.S. 362, 413 (2000). A state court''s ruling based on a f actual determination also must be

18   'objectively unreasonable' in light of the record" to warrant habeas relief. *Miller-El v. Cockrell*, 537

19   U.S. 322, 348 (2003); 28 U.S.C. § 2254(d)(2). The petitioner bears the burden of showing that the

20   state court's decision was unreasonable. *Visciotti*, 537 U.S. at 25.

21          If this Court finds a constitutional violation, relief may be granted only if the error had a

22   substantial and injurious effect on the verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993);

23                              **ARGUMENT**

24                                  **I.**

25   **APPELLATE COUNSEL DID NOT RENDER INEFFECTIVE
     ASSISTANCE**

26

27          Petitioner contends that appellate counsel provided ineffective assistance by failing to

28   argue certain issues on appeal. The superior court (which issued the last reasoned decision on the

Memo of Points. & Authorities  In Support of Answer - C 08-0551 PJH (PR)

1    matter) concluded that petitioner had failed to demonstrate prejudice.  Petnr's Exh. M and N.

2    California Supreme Court rejected this claim on the merits in a silent denial.  Respondent's Exh. J.

3         The basic principles are that a defendant has the right to the effective assistance of counsel

4    on appeal.  Counsel, however,  is not obligated to raise every non-frivolous issue.  See e.g. *Jones*

5    *v. Barnes*, 463 U.S. 745, 751 (1983); *Smith v. Stewart* 140 F.3d 1267, 1274 n.4 (9th Cir. 1998).  One

6    who claims ineffective assistance of counsel must show a deviation from professional norms and

7    prejudice. *Strickland* v. Washington, 466 U.S. 668, 687-90 (1984). In a direct appeal in the

8    California courts, a defendant is limited to arguing matters shown in the record on appeal. See e.g.,

9    *People v. Pope*, 23 Cal.3d 412, 426 (1979).

10        Here, appellate counsel filed a brief arguing that the evidence was insufficient to support

11   the conviction on count one, that the court erred in instructing the jury with CALJIC No. 2.15, and

12   that the sentence was cruel and unusual punishment.  Respondent's Exh. C and C 1.  Petitioner

13   argues that appellate counsel should have raised additional issues.  He states that he told appellate

14   counsel that he found the purse, that there were gardeners and others in the neighborhood the day

15   of the burglary, that he did not break into the victim's home, that the prior convictions was supposed

16   to be treated as only one conviction.  He also told appellate counsel that trial counsel would not

17   allow petitioner to testify, that she failed to object to prosecutorial misconduct, that she failed to

18   challenge count one for insufficiency of the evidence, that she failed to subject the prosecution to

19   adversarial testing on count one, and that she "unjustly" conceded count two.

20        Some of these assertions involve matters that are outside the record on appeal. Since those

21   matters could not properly be raised on direct appeal, see *Pope*, 23 Cal.3d at 426, appellate counsel

22   could not have deviated from professional norms by failing to raise them, nor could the failure to

23   raise those issues have been prejudiced.

24        Petitioner's argument is also unsound as to those claims that are based on matters in the

25   record. For example, although petitioner contends that appellate counsel was ineffective for failing

26   to argue that trial counsel should have moved to dismiss count one for insufficiency of the evidence,

27   the Court of Appeal found there was sufficient evidence to support the conviction.  Respondent's

28

1  Exh. F at 3-4.  Thus, even if defense counsel had made such a motion,  there is no reasonable

2  probability that he would have prevailed.

3        Nor can petitioner tenably maintain that appellate counsel was ineffective for failing to

4  argue that defense counsel conceded guilt on count two.  Petitioner has not supported this assertion

5  with a citation to the record.  Actually counsel did not substantially mention the issue in her closing

6  argument.  RT 289-299.  We have not found any express concession of guilt  in the closing

7  argument.

8        Petitioner's remaining claims of ineffective assistance of appellate counsel appear to

9  overlap the claims petitioner raises in connection with his assertion that trial counsel was ineffective.

10  We will address those claims below.

11                                    **II.**

12              **TRIAL COUNSEL DID NOT RENDER INEFFECTIVE ASSISTANCE**

13        Petitioner contends that trial counsel acted or  omitted to act in ways that resulted in

14  petitioner receiving ineffective assistance of counsel.  The California Supreme Court rejected this

15  claim on the merits.

16        Petitioner's burden is to show that the state courts unreasonably applied *Strickland v.*

17  *Washington* 466 U.S. at 687-91.  *See Bell v. Cone*, 535 U.S. 685, 698-99 (2002).

18        Petitioner asserts that trial counsel failed to question the gardener and his assistant, and

19  failed to contact a fingerprint expert.[1/]  When the claim of ineffective assistance of counsel involves

20  a failure to investigate, the petitioner must show what the witnesses would have said.  Petitioner has

21  not provided this Court or the state courts declarations asserting what the gardener, his assistant, or

22  a fingerprint expert would have testified to.  See e.g., *Weaver v. Palmateer* 455 F.3d 958, 971-72

23  (9th Cir. 2006); *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000); *United States v. Berry*, 814 F.2d

24  1406, 1409 (9th Cir.1987)

25

26

27

28        1.  Counsel argued that the gardener and his helper were never questioned and that no
fingerprints were lifted from the victim's house.  See RT 295.

1    Petitioner asserts that counsel was ineffective for failing to present an affirmative defense

2  at the preliminary hearing.  However petitioner has not stated what affirmative defense could have

3  been presented at that hearing, much less what defense would, with reasonable probability, have

4  prevented the case from going forward.

5    Petitioner contends that counsel failed to present evidence that he was under the influence

6  of alcohol and narcotics when he tried to cash the check.  Petitioner, however, claims that he did not

7  commit the burglary.  The issue of  intoxication would therefore be irrelevant.  Even if petitioner's

8  alleged intoxication might be a basis for negating specific intent required for burglary, that defense

9  would imply that petitioner was in the residence and petitioner would have had to have testified.

10    Petitioner asserts that counsel prohibited him from testifying. He asserts that had he done

11  so he would have testified he was under the influence of alcohol and narcotics when he tried to cash

12  the check he found in the purse, and that he had the innocent intent to return it to the victim.  While

13  a defendant has a right to testify, that right may be waived by the defendant's failure to inform the

14  court that he wants to testify.  See e.g.  *United States v. Joelson,* 7 F.3d 174, 177 (9th Cir.1993)

15  *United States v. Nohara*, 3 F.3d 1239, 1244 (9th Cir.1993). Here petitioner has not alleged  that the

16  record shows that petitioner informed the court that he wanted to testify, and we have not found any

17  such reference in the record.

18    As to the substance of the claim, claims that counsel prevented a defendant from testifying

19  are reviewed under the standard set forth in *Strickland.  See Cannon v. Mullin,* 383 F.3d 1152, 1170

20  (10th Cir. 2004); *Brown v. Artuz,* 124 F.3d 73, 76-78 (2d Cir.1997).  As previously stated,

21  *Strickland*  requires a showing of a deviation from professional norms and prejudice.  Here, since

22  the court ruled that if petitioner were to testify, the People could impeach him with three of his prior

23  residential burglary convictions, RT 14-15, defense counsel could reasonably conclude that such

24  impeachment would likely harm petitioner  more than he would benefit from his testimony that he

25  found the purse.  See *Rega v. United States*, 273 F.3d 18, 21-26 (2d Cir. 2001); *Hutchins v.*

26  *Garrison*, 724 F.2d 1425, 1436 (4th Cir. 1983).

27    Nor would such testimony have explained petitioner's attempt to cash Mrs. Johnston's

28  check.  From the standpoint of prejudice, the California Supreme Court could reasonably conclude

1   there is no reasonable probability that once the jury learned that petitioner had prior convictions for

2   residential burglary, that they would find petitioner's unsupported testimony to be sufficient to

3   create a reasonable doubt.  Thus the rejection of this claim was not an unreasonable application of

4   clearly established federal law.

5          Petitioner also contends that counsel failed to interview Hiromi Higashi, who according

6   to petitioner, saw him walking in the neighborhood with checks in his hand while drunk and told

7   petitioner to get in the car; petitioner told her that he had found a purse, and petitioner then put it in

8   a mail drop.  However, petitioner has not suggested that there was anything exculpatory that she

9   could testify to.  She did not see how petitioner acquired the purse, and any statement petitioner

10  made to her would have been hearsay.  Nor has petitioner submitted a declaration from Higashi.

11         Petitioner asserts that counsel was ineffective for failing to argue that his six priors should

12  be treated as only one.   In support of this assertion petitioner asserts that at the time of his prior

13  plea, he was informed that he would be subject to only one prior conviction enhancement if he were

14  to reoffend in the future.  Petitioner has not supported this assertion with anything other than his own

15  statement.  The Clerk's Minutes of the prior case (respondent's Exh. K) contain the works "Adv.

16  of Strikes" when he entered his plea.

17         Petitioner asserts that counsel ineffectively failed to cross examine Mr. Ochinero on the

18  discrepancy in his testimony at the preliminary hearing and the trial.  At the preliminary hearing,

19  Ochinero stated that he had an appointment at 2:30, while at trial he stated that his appointment was

20  at 3:00.  However, decisions as to cross examination are normally viewed as matters of trial tactics

21  that are left to the discretion of counsel. See e.g., *Dows v. Wood,* 211 F.3d at 487; *Phoenix v.*

22  *Matesanz*, 233 F3d. 77, 83 (1st Cir. 2000). Here petitioner has not suggested any reason that the

23  result of the proceeding was reasonably likely to have been different had defense counsel brought

24  out the discrepancy.

25

26

27

28

1

2

3

4

## III.

## THE PROSECUTOR DID NOT COMMIT PREJUDICIAL MISCONDUCT

5

6

7

8

Petitioner contends that the prosecutor committed misconduct in his argument to the jury. Alternatively he contends that defense counsel rendered ineffective assistance by failing to object to the alleged misconduct. The California Supreme Court rejected this claim on the merits. Respondent's Exh. J.

9

10

11

12

13

14

15

16

17

18

19

Habeas relief is warranted only if the prosecutor's comments in closing argument "so infected the trial with such unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *accord Johnson v. Sublett*, 63 F.3d 926, 929 (9th Cir. 1995). "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). Because the standard of review on federal habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power," even improper argument does not necessarily violate a defendant's constitutional rights. *Thompson v. Borg*, 74 F.3d 1571, 1576 (9th Cir. 1996) (citation omitted); *Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). Further, the alleged improper comments must have had a substantial and injurious effect on the verdict. *Brecht v. Abrahamson*, 507 U.S. at 639.

20

21

22

23

24

25

In arguing that the prosecutor committed misconduct, petitioner refers to several statements that the prosecutor made that either repeat or paraphrase the instructions the court gave. For example, petitioner states that the prosecutor argued that it was not necessary that facts be proved by direct evidence, that neither direct nor circumstantial evidence is entitled to any greater weight in connection with the burglary count, that "it does not matter whether the intent with which the entry was made was therefore [sic] carried out," RT 271, 274,[2/] and that corroborating evidence

26

27

28

2. The court used the term "thereafter' rather than "therefore". RT 264.

1   need only be slight. RT 276.  All of these statements were exact or almost exact quotations from the

2   instructions.   RT 264.

3            Petitioner also refers to the prosecutor's statement

4            By the time she figures it out - she is thinking, well maybe I didn't put it on the
         dining room table, and she starts walking around, I think she testified, looking for, it was
5        about twenty minutes of looking and searching to make sure, you know, maybe I might
         have made  a mistake.  But she didn't make a mistake.  She left it on the table, but she
6        wanted to be certain before she picked up the phone and called 911.  And the clock is
         important here.  That's why the timing is important.
7
    RT 280.
8

9            Petitioner has not clearly explained the way in which this argument was constitutional

10   misconduct.  The Court of Appeal expressly noted that there was no substantial evidence from which

11   the jurors might have had a reasonable doubt that the purse was in the house, and that defense

12   counsel did not argue that the People had failed to prove that the purse was in the house.

13            Thus in denying the claim,  the California Supreme Court could reasonably conclude that

14   the prosecutor was merely arguing an inference from the evidence.  There was no basis for the jury

15   to believe that the prosecutor was basing his statement on matters that were not in evidence.  Thus,

16   counsel was not ineffective for failing to object.

17

18                                              **IV.**

19   **PETITIONER HAS NOT SUBMITTED CORROBORATIVE EVIDENCE
     THAT HE WAS MISADVISED IN CONNECTION WITH THE**
20   **CONSEQUENCES OF HIS PRIOR PLEA AND HAS NOT SHOWN
     THAT THE CONSTITUTION PROHIBITS A RECIDIVIST**
21   **ENHANCEMENT BASED ON THAT PLEA**

22            Petitioner contends that the sentence that was imposed in this case  was in violation of a

23   plea agreement in a prior case.  He asserts that he had been told by his attorney and the prosecutor

24   that his six prior burglary convictions (all involving burglaries committed in February 2002) would

25   count as one in the future and that he would be subject only to a five year recidivist enhancement.

26   In support of this contention petitioner cites cases involving breaches of plea agreements in

27   connection with the conviction to which the defendant entered his plea.  E.g. *Buckley v. Terhune*,

28   441 F.3d  688, 694 (9th Cir. 2006 (en banc)).  He also cites a case involving the issue of whether a

1  defendant was eligible for discretionary relief from the immigration consequences of a conviction,

2  when at the time of his plea the Attorney General had the discretion to allow him to remain in the

3  country, but afterwards Congress denied the Attorney General such discretion. *INS v. St. Cyr*, 533

4  U.S. 289, 322-23 (2001).

5          Petitioner's factual assertion is incorrect.  Petitioner is confusing the five year

6  enhancements under Penal Code Section 667(a)(1) with the use of prior convictions for three strikes

7  purposes. Five year enhancements for prior serious felony convictions under Cal. Penal Code

8  Section 667(a)(1) can be imposed only once for each prior conviction "on charges brought and tried

9  separately. " There is no such limitation for felonies that form the basis for a three strikes sentence.

10  See Penal Code Section 667 (b)-(e).

11          Even if petitioner were accurately conveying what he might have been told about

12  enhancements under Section 667(a)(1),  he did not submit anything other than his own statement that

13  the terms of the plea bargain included a representation that he could not suffer the consequences of

14  any other enhancement.  For that reason this case stands in stark contrast to *Davis v. Woodford*, 445

15  F.3d 957, 959 (9th Cir. 2006) where the record affirmatively showed that the prosecutor had, as part

16  of the agreement, represented that the multiple offences to which the petitioner had entered his plea,

17  would be treated as one five-year prior, in exchange for the prosecutor's bargaining away his right

18  to bring two separate cases against the petitioner.  *Id*. at 961-63.

19          Moreover, petitioner's claim is inherently improbable because any attorney rendering

20  minimally competent assistance would have known that petitioner's prior convictions made him

21  eligible for a three strikes sentence.  Thus the California Supreme Court could reasonably have

22  concluded that petitioner failed to make an adequate showing that he actually was advised in the way

23  he claims.

24                                      **V.**

25  **DOUBLE JEOPARDY PRINCIPLES DO NOT PREVENT A STATE**
    **FROM IMPOSING AN ENHANCED PENALTY ON A RECIDIVIST**

26

27

28

1   Petitioner contends that the federal constitutional prohibition against double jeopardy

2   prevented the state court from using his prior convictions to impose  a potential life sentence for

3   residential burglary and receiving stolen property.

4   It is well settled that the Constitution does not prohibit a state from increasing the

5   punishment for a current offense because the defendant is a recidivist.  *Gryger v. Burke,* 334 U.S.

6   728, 732 (1948); *Witte v. United States,* 515 U.S. 389, 400 (1995) ("enhanced punishment imposed

7   for the latter offense is not to be viewed as either a new jeopardy or additional penalty for earlier

8   crimes, but instead as a stiffened penalty for the latest crime. . .");  *Nichols v. United States,* 511 U.S.

9   738, 747 (1994) ("Enhancement statutes, whether in the nature of criminal history provisions such

10  as those contained in the Sentencing Guidelines, or recidivist statutes that are commonplace in state

11  criminal laws, do not change the penalty imposed for the earlier conviction.").

12  Thus the rejection of this claim was not an unreasonable application of clearly established

13  federal law.

14  ## VI.

15  ## THE EVIDENCE IS SUFFICIENT TO SUPPORT THE CONVICTION
    ## ON COUNT ONE

16

17  Petitioner contends that the evidence is insufficient to support the conviction on count one.

18  The Court of Appeal rejected this claim on the merits.  The issue before this court is whether the

19  Court of Appeal unreasonably applied *Jackson v. Virginia,* 443 U.S. 307, 316 (1979).  *See Juan H.*

20  *v. Allen,* 408 F.3d 1262, 1274 (9th Cir. 2005).

21  The Court of Appeal rejected petitioner's claim on the basis of the following reasoning:

22  Defendant contends that there is insufficient evidence that he entered the home of Evelyn
    Johnston to steal her purse. He implicitly concedes that he was in possession of checks

23  from the purse within an hour of its being reported missing, but asserts that Ms. Johnston
    "was not sure" she had left the purse in her living room and "could have left it in her car

24  when she brought the groceries in." He notes that although Ms. Johnston's hearing was
    good, she heard no one enter the house, and that during the time when the purse

25  disappeared a gardener and his assistant were working near the house.

26  We need not reiterate the highly deferential standards that govern our review of the
    sufficiency of the evidence, because defendant's arguments are nothing more than

27  arguable interpretations of the evidence, which the jury was in no way bound to accept.
    Several of the points noted by defendant were expressly argued to the jury, i.e., that Ms.

28  Johnston heard nothing, that her gardeners were somewhere nearby, and that there were

no footprints on the carpet, although it had rained the day before. However, Ms. Johnston testified that she had a blower going in the kitchen, that the floor was carpeted, and that "[a] 400-pound man could walk in the door, and you wouldn't hear him." The gardeners were only there for "part of the time [she] was cooking." The day of the theft was "a lovely sunny day," supporting an inference that streets and sidewalks were dry, and "[y]ou would not see footprints on my carpet unless you had a really muddy foot."

Defendant's chief argument is that the evidence was insufficient to establish that the purse was in the house when it was taken. This hypothesis appears not to have been raised at trial. On the contrary, in argument to the jury defense counsel alluded to the lapse of time "between the time that Ms. Johnston had put her purse down in the dining room" and defendant's encounter with witness Ochinero. Later he again referred to "the moment she set the purse on the table." Defendant's belated suggestion that Ms. Johnston "was not sure" where she left the purse apparently rests on the fact that when she did not see it on the table, she spent as much as 20 minutes searching the rest of the house. This would no doubt have supported an argument to the jury-though none was made-but it hardly supports defendant's argument that her testimony was speculative. When an item goes missing, people often search in places where they do not expect to find it. This may betray uncertainty about where they left it, but it may also reflect the wishful hope that their memory, however definite, is wrong. Ms. Johnston's implied acknowledgment of the fallibility of human memory hardly impeaches her own distinct and uncontested recollection that she left the purse on the dining room table.

The evidence was sufficient to support an inference beyond a reasonable doubt that defendant took Ms. Johnston's purse from her home after entering for that purpose.

Respondent's Exh. F at 3-4.

Petitioner argues that there was no evidence from which the jury could find beyond a reasonable doubt that he or anyone else entered the house.  However, if the jury believed the testimony that the purse was in the house, that the door was unlocked, that someone could enter the house without Mrs. Johnston being aware of it,  and that shortly afterwards the purse was in a neighbor's possession,  the jury could also reasonably infer that the neighbor entered the house. Thus the decision of the Court of Appeal was not an unreasonable application of *Jackson*.


**VII.**

**INSTRUCTING THE JURY WITH CALJIC NO. 2.15 DID NOT REDUCE THE PEOPLE'S BURDEN OF PROOF**

Petitioner contends that his right to due process was violated by CALJIC No. 2.15, an instruction that states that if the jury finds that the defendant was in possession of stolen property, "the fact of that possession is not by itself sufficient to permit an inference that the defendant is guilty of the crime of residential burglary," and that while corroborating evidence is required, "this

1    corroborating evidence need only be slight, and need not by itself be sufficient to warrant an

2    inference of guilt." Respondent's Exh. F at 5.

3                    The Court of Appeal ruled that the instruction did not violate petitioner's rights, stating:

4

5        We have some difficulty following defendant's challenge to this instruction. He seems to
         acknowledge that in order to adopt his argument we would have to take issue with a

6        number of published decisions. We fail to detect in his brief any cogent reason to do so.
         He asserts, "The vice of this instruction was that it did not instruct the jury that even with

7        'slight' corroborating evidence they must still find the defendant guilty of burglary or
         receiving stolen property beyond a reasonable doubt." But other instructions told the jury

8        exactly that: ""A defendant in a criminal action is presumed to be innocent until the
         contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily

9        shown he's entitled to a verdict of not guilty. [¶¶] This presumption places upon the
         People the burden of proving him guilty beyond a reasonable doubt. [¶¶] ... [¶¶] The

10       burden is on the People to prove beyond a reasonable doubt that the defendant is the
         person who committed the crime for which he is charged." (See CALJIC Nos. 2.90, 2.91;

11       cf. CALCRIM No. 103.)

12       Defendant then suggests that the instruction ""allowed the jury to find defendant guilty
         of burglary by finding that he was guilty of receiving stolen property beyond a reasonable

13       doubt and some slight corroboration evidence beyond a reasonable doubt."" We fail to see
         how. The jury was elsewhere instructed in the elements of the offense. The gist of the

14       instruction was that the jury could *not* infer all of the elements of the offense solely from
         the defendant's possession of stolen property, but could infer those elements, if it chose,

15       from possession plus other evidence supporting an inculpatory inference. Here there was
         evidence that defendant knew the victim, lived across the street from her, had visited her

16       front door previously to borrow money, could have seen the unattended purse from the
         front door, and used some of the stolen property to attempt to obtain cash less than an

17       hour after the property was reported stolen. These circumstances amply supported an
         inference of burglary, i.e., entry with the intent to steal. We fail to see how the challenged

18       instruction could have any adverse effect on the evaluation of this evidence.

19       *4 Defendant also cites *People v. Johnson* (1993) 6 Cal.4th 1, 36, for the proposition that
         giving CALJIC No. 2.15 is improper "where the evidence is insufficient to establish that

20       a burglary actually took place." But defendant's attempt to apply that proposition here
         depends on the premise that "the evidence was plainly insufficient to establish that Ms.

21       Johnston's purse was taken from inside her house as opposed to from her car or front
         porch." We have rejected that premise in the previous section. Accordingly, no error

22       appears in the giving of CALJIC No. 2.15.

23   Respondent's Exh. F at 5-6.

24                    Petitioner's argument is essentially that the instruction improperly lowers the

25   prosecution's burden of proof.  The Court of Appeal viewed the issue in terms of the charge as a

26   whole, an approach that is consistent with Supreme Court precedent. See, e.g., *Middleton v. McNeil*,

27   541 U.S. 433, 437 (2004) (per curiam); *Cupp v. Naughten*, 414 U.S. 141, 147 (1973).  The Court of

28

1    Appeal stated that the instructions as a whole informed the jury that all the elements of the offense

2    had to be proven beyond a reasonable doubt.  Petitioner has not suggested any reason that the Court

3    of Appeal's conclusion on this issue may be rejected by this Court.

4                                                    **VIII.**

5        **A THREE STRIKES SENTENCE FOR A SEVENTH RESIDENTIAL**
         **BURGLARY  CONVICTION  IS  NOT  CRUEL  AND  UNUSUAL**
6        **PUNISHMENT**

7            Petitioner had been convicted of six residential burglaries, all of which were committed

8    in February 2002. He was out of custody for approximately two months prior to the current offense.

9    He had also suffered two felony convictions for violating Health and Safety Code 11350(a), and

10   other misdemeanor convictions.  CT 222-223.

11       The probation officer described the facts of the prior convictions as follows:

12       (Strike One and Two)

13       On February 23, 2002, victim Schreiber discovered the defendant entering his residence
         through the "doggie door."  The victim confronted the defendant who was in the "doggie
14       door" and the defendant left the area over a wooden fence.  The defendant was
         apprehended riding victim Varganin's bicycle.  Victim Varganin was contacted and
15       reported the bicycle was in her garage when she left for work that morning and no one had
         permission to use the bicycle.  The defendant entered victim Varganin's garage through
16       a garage door which was closed but unlocked.

17       (Strike Prior Three)

18       On February 22, 2002, the defendant entered a residence in Sunnyvale after walking into
         the backyard.  He looked through the window and observed no one was inside.  He
19       entered through a back screen door which was unlocked.  He observed a house key on a
         key ring and entered the residence.  The defendant drank some alcohol and stole coins,
20       jewelry and checks.

21       (Strike Prior Four)

22       On February 21, 2002, the defendant entered a residence by placing a cinder block under
         the window and cutting the screen off.  He climbed through the bathroom window.  He
23       stole cash, compact discs, and liquor.

24       (Strike Prior Five)

25       On February 10, 2002, the defendant entered a residence by smashing a bedroom window.
         Two coin purses were taken from the residence.
26
27       (Strike Prior Six)

28

1
2
On February 5, 2002, the defendant entered a residence by trying different windows and finding an unlocked rear sliding glass door. The defendant stole watches, "Walkmans", and coins.

3
CT 222-223.

4
The Court imposed a three strikes sentence. Petitioner contends that this sentence is cruel

5
and unusual punishment. The Court of Appeal rejected this contention, stating, in part:

6

7
8
9
10
11
12
In *Solem v. Helm* (1983) 463 U.S. 277, 201, 303 ( *Solem* ), the court invalidated a sentence of life without parole for uttering a "no account" check, which was the defendant's seventh nonviolent felony. Among other things, the court noted that the offense was "one of the most passive felonies a person could commit." [citation].).) However, in *Ewing v. California* (2003) 538 U.S. 11, 30-31, the court upheld a sentence of 25 years to life for shoplifting golf clubs worth $1,200. The defendant had four strikes consisting of a robbery and three burglaries. ( *Id.* at pp. 17-18.) Three justices concluded that the punishment was not disproportionate because the predicate offense, felony grand theft, was itself a serious offense, the crime was not among the most passive a defendant could commit, and the desire to incapacitate of repeat offenders furnished a weighty legislative justification for the punishment. ( *Id.* at pp. 28, 25-26.)

13
14
15
16
17
18
Here the predicate offense was defendant's seventh residential burglary. Although the particular crime consisted of sneaking and snatching rather than the archetypal breaking and entering, the Legislature has elected to view all residential burglaries as serious felonies. (Pen.Code, §§ 1192.7, subd. (c)(18).) Indeed, while the offense was not charged as such, the circumstances shown at trial would have supported allegations and findings bringing the offense under Penal Code section 667.5, subdivision (c)(21), which defines "violent felony" to include "[a]ny burglary of the first degree, as defined in subdivision (a) of Section 460 [i.e., residential burglary], wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." Thus, although the offense involved no actual violence, it cannot be characterized as trivial. Nor can it be viewed as "passive."

19
20
21
Defendant's prior convictions, compared to those of the defendants in *Solem* and *[People v.] Carmony,*[   Cal.App.4th   ] were more numerous, more serious, or both. The defendant in *Ewing* compared unfavorably to defendant in two respects: he had suffered one prior conviction for robbery, which is a more serious and dangerous offense than any of defendant's convictions, and he had stolen property with a considerably greater value than what defendant took here. But both of these factors are more than counterbalanced by the *number* of serious convictions defendant has sustained and the seriousness of the predicate offense for which he was sentenced.

22
23
24
25
26
27
28
We are not insensate to defendant's arguments concerning his own mitigating background and mental condition, or those concerning the overall wisdom of the "Three Strikes" law as currently in effect. We cannot help but note that all of defendant's victims could be made whole many times over with the cost of one year's incarceration of defendant. Nor can we overlook the impairment of some penological objectives that can occur when sentence inflation blurs the distinction between a chronic thief who snatches a purse from a dining room table and the perpetrator of a second-degree murder. But such considerations do not furnish any basis to invalidate a sentence such as this one on the ground that it constitutes cruel and unusual punishment as contemplated by our constitutions. The law may be counterproductive, excessively expensive, even foolish, but the electorate has spoken clearly on the subject, and we cannot say that the present

1

2

judgment is grossly disproportionate to those meted out to other similarly situated offenders or otherwise violates constitutional constraints.

Respondent's Exh. F at 7-9.[footnote omitted]

3

4

5

6

7

8

9

10

11

12

13

In *Lockyer v. Andrade*, 538 U.S. 63 (2003) the Supreme Court held that because the scope of the gross disproportionality principle was unclear, a state court's conclusion that a sentence fit within those parameters would not be unreasonable. *Id*. at 76. Petitioner's sentence is less severe than the sentence of life without the possibility of parole invalidated by the Supreme Court in *Solem*, while the precipitating crime is much more serious. A residential burglary is also more serious than the precipitating offenses in cases in which the Supreme Court has denied relief. See *Lockyer v. Andrade*, 538 U.S. at 68 [felony petty theft with a prior theft conviction]; *Ewing v. California*, 538 U.S. 11, 19-20 (2003). Moreover, petitioner has suffered six prior residential burglary convictions and two other felony convictions. He therefore has more than twice the number of convictions that the voters decided would warrant a three strikes sentence.

14

15

16

17

18

19

20

21

22

Petitioner might argue that his prior offenses did not involve a showing of actual violence. However, the Court of Appeal deferred to the legislative judgment that residential burglary is a serious felony. Moreover, the voters have determined that it is not cruel and unusual punishment to impose a three strikes sentence on one who commits the requisite number of felonies and "strike" offenses, even when he has not engaged in violence. Petitioner's history puts him well within the class of offenders the voters contemplated as being within the scope of the law. Accordingly, the imposition of a three strikes sentence for a recidivist with six prior residential burglaries and two other felonies, when the precipitating crime is another residential burglary that falls within the state's definition of a violent felony, is not an unreasonable application of clearly established federal law.

23

24

25

26

27

28

1

**CONCLUSION**

2      Accordingly, respondent respectfully requests that the judgment be affirmed.

3      Dated: May 29, 2008

4                                          Respectfully submitted,

5                                          EDMUND G. BROWN JR.
                                           Attorney General of the State of California
6
                                           DANE R. GILLETTE
7                                          Chief Assistant Attorney General

8                                          GERALD A. ENGLER
                                           Senior Assistant Attorney General
9
                                           PEGGY S. RUFFRA
10                                         Supervising Deputy Attorney General

11                                         **/s/ Allan Yannow**

12
                                           ALLAN YANNOW
13                                         Deputy Attorney General

                                           Attorneys for Respondent
14
AY:eaw/mto
15
McKenziememos.wpd
16   SF2008400557

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF CONTENTS

2

Page

3    STATEMENT OF THE CASE                                                    1

4    STATEMENT OF FACTS                                                       2

5    **ARGUMENT**                                                             3

6        I.    **APPELLATE COUNSEL DID NOT RENDER INEFFECTIVE
                ASSISTANCE**                                                  3
7
8        II.   **TRIAL COUNSEL DID NOT RENDER INEFFECTIVE
                ASSISTANCE**                                                  5

9        III.  **THE PROSECUTOR DID NOT COMMIT PREJUDICIAL
                MISCONDUCT**                                                  8
10
11       IV.   **PETITIONER HAS NOT SUBMITTED CORROBORATIVE
                EVIDENCE THAT HE WAS MISADVISED IN CONNECTION
                WITH THE CONSEQUENCES OF HIS PRIOR PLEA AND HAS
12              NOT SHOWN THAT THE CONSTITUTION PROHIBITS A
                RECIDIVIST ENHANCEMENT BASED ON THAT PLEA**                   9
13
         V.    **DOUBLE JEOPARDY PRINCIPLES DO NOT PREVENT A
14              STATE FROM IMPOSING AN ENHANCED PENALTY ON A
                RECIDIVIST**                                                  10
15
16       VI.   **THE EVIDENCE IS SUFFICIENT TO SUPPORT THE
                CONVICTION ON COUNT ONE**                                     11

17       VII.  **INSTRUCTING THE JURY WITH CALJIC NO. 2.15 DID NOT
                REDUCE THE PEOPLE'S BURDEN OF PROOF**                         12
18
19       VIII. **A THREE STRIKES SENTENCE FOR A SEVENTH
                RESIDENTIAL BURGLARY CONVICTION IS NOT CRUEL
                AND UNUSUAL PUNISHMENT**                                      14
20
     CONCLUSION                                                              17

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**Page**

1

2

3 **Cases**

4

5 *Bell v. Cone*
535 U.S. 685 (2002)                                                                    5

6

7 *Brecht v. Abrahamson*
507 U.S. 619 (1993)                                                                 3, 8

8 *Brown v. Artuz*
124 F.3d 73 (2d Cir.1997)                                                              6

9

10 *Buckley v. Terhune*
441 F.3d  688 (9th Cir. 2006 (en banc))                                               9

11 *Cannon v. Mullin*
383 F.3d 1152 (10th Cir. 2004)                                                        6

12

13 *Cupp v. Naughten*
414 U.S. 1411973)                                                                   13

14 *Darden v. Wainwright*
477 U.S. 168 (1986)                                                                   8

15

16 *Davis v. Woodford*
445 F.3d 957 (9th Cir. 2006)                                                         10

17 *Dows v. Wood*
211 F.3d 480 (9th Cir. 2000)                                                       5, 7

18

19 *Duckett v. Godinez*
67 F.3d 734, 743 (9th Cir. 1995)                                                      8

20 *Ewing v. California*
538 U.S. 11 (2003)                                                                  15

21

22 *Gryger v. Burke*
334 U.S. 728 (1948)                                                                 11

23 *Hutchins v. Garrison*
724 F.2d 1425 (4th Cir. 1983)                                                         6

24

25 *INS v. St. Cyr*
533 U.S. 289 (2001)                                                                 10

26 *Jackson v. Virginia*
443 U.S. 307 (1979)                                                              11, 12

27

28 *Johnson v. Sublett*
63 F.3d 926 (9th Cir. 1995)                                                           8

| Case | Page |
|------|------|
| *Bell v. Cone* 535 U.S. 685 (2002) | 5 |
| *Brecht v. Abrahamson* 507 U.S. 619 (1993) | 3, 8 |
| *Brown v. Artuz* 124 F.3d 73 (2d Cir.1997) | 6 |
| *Buckley v. Terhune* 441 F.3d  688 (9th Cir. 2006 (en banc)) | 9 |
| *Cannon v. Mullin* 383 F.3d 1152 (10th Cir. 2004) | 6 |
| *Cupp v. Naughten* 414 U.S. 1411973) | 13 |
| *Darden v. Wainwright* 477 U.S. 168 (1986) | 8 |
| *Davis v. Woodford* 445 F.3d 957 (9th Cir. 2006) | 10 |
| *Dows v. Wood* 211 F.3d 480 (9th Cir. 2000) | 5, 7 |
| *Duckett v. Godinez* 67 F.3d 734, 743 (9th Cir. 1995) | 8 |
| *Ewing v. California* 538 U.S. 11 (2003) | 15 |
| *Gryger v. Burke* 334 U.S. 728 (1948) | 11 |
| *Hutchins v. Garrison* 724 F.2d 1425 (4th Cir. 1983) | 6 |
| *INS v. St. Cyr* 533 U.S. 289 (2001) | 10 |
| *Jackson v. Virginia* 443 U.S. 307 (1979) | 11, 12 |
| *Johnson v. Sublett* 63 F.3d 926 (9th Cir. 1995) | 8 |

**TABLE OF AUTHORITIES  (continued)**

1

**Page**

2

*Jones v. Barnes*
463 U.S. 745 (1983) — 4

3

*Juan H. v. Allen*
408 F.3d 1262 (9th Cir. 2005) — 11

4

*Lockyer v. Andrade*
538 U.S. 63 (2003) — 3, 16

5

6

*Middleton v. McNeil*
541 U.S. 433 (2004) — 13

7

*Miller-El v. Cockrell*
537 U.S. 322 (2003) — 3

8

9

*Nichols v. United States*
511 U.S. 738 (1994) — 11

10

*People v. Johnson*
6 Cal.4th 1 (1993) — 13

11

12

*People v. Pope*
23 Cal.3d 412 (1979) — 4

13

*People v. Romero*
13 Cal.4th 497 (1996) — 1

14

15

*Phoenix v. Matesanz*
233 F3d. 77 (1st Cir. 2000) — 7

16

*Rega v. United States*
273 F.3d 18 (2d Cir. 2001) — 6

17

18

*Smith v. Phillips*
455 U.S. 209 (1982) — 8

19

*Smith v. Stewart*
140 F.3d 1267 (9th Cir. 1998) — 4

20

21

*Solem v. Helm*
463 U.S. 277 (1983) — 15

22

23

*Strickland* v. Washington
466 U.S. 668 (1984) — 4-6

24

*Thompson v. Borg*
74 F.3d 1571 (9th Cir. 1996) — 8

25

26

*United States v. Berry*
814 F.2d 1406 (9th Cir.1987) — 5

27

*United States v. Joelson*
7 F.3d 174 (9th Cir.1993) — 6

28

**TABLE OF AUTHORITIES  (continued)**

Page

*United States v. Nohara*
3 F.3d 1239 (9th Cir.1993)                                           6

*Weaver v. Palmateer*
455 F.3d 958 (9th Cir. 2006)                                        5

*Williams v. Taylor*
529 U.S. 362 (2000)                                                 3

*Witte v. United States*
515 U.S. 389 (1995)                                                11

*Woodford v. Visciotti*
537 U.S. 19 (2002)                                                  3

**Statutes**

Health and Safety Code

    § 11350(a)                                                  14

Penal Code

    § 459, subdivision (a)                                       1
    § 460, subdivision (a)                                       1
    § 496, subdivision (a)                                       1
    § 654                                                        1
    § 667, subdivision (a)                                    1, 2
    § 667, subdivision (a)(1)                                   10
    § 667.5, subdivision (b)                                 1, 10
    § 667.5, subdivision (c)(21)                                15
    § 1192.7, subdivision (c)(18)                               15

United States Code, Title 28

    § 2254(d)(2)                                                 3
    § 2254(d)(1)                                                 3

**Other Authorities**

California Jury Instructions, Criminal
    No. 103                                                     13

**TABLE OF AUTHORITIES  (continued)**

**Page**

Judicial Council of California, Criminal Jury Instructions

    No. 2.15                                                                 4, 13
    No. 2.91                                                                    13
    No. 2.90                                                                    13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1   EDMUND G. BROWN JR.
    Attorney General of the State of California
2   DANE R. GILLETTE
    Chief Assistant Attorney General
3   GERALD A. ENGLER
    Senior Assistant Attorney General
4   PEGGY S. RUFFRA
    Supervising Deputy Attorney General
5   ALLAN YANNOW, State Bar No. 63257
    Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5955
     Fax:  (415) 703-1234
8    Email:  Allan.Yannow@doj.ca.gov

9   Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13
    ISRAEL NOEL McKENZIE,                    C 08-0551 PJH (PR)
14
                              Petitioner,
15
          v.
16
    DERRAL G. ADAMS,
17
                              Respondent.
18

19
             NOTICE OF LODGING OF, AND INDEX TO, EXHIBITS
20

21

22

23

24

25

26

27

28

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  ALLAN YANNOW, State Bar No. 63257
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5955
    Fax:  (415) 703-1234
8   Email:  Allan.Yannow@doj.ca.gov

9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN FRANCISCO DIVISION

13

14  ISRAEL NOEL McKENZIE,                    C 08-0551 PJH (PR)

                              Petitioner,    **NOTICE OF LODGING OF,**
15                                           **AND INDEX TO, EXHIBITS**

16        v.

    DERRAL G. ADAMS,
17
                              Respondent.
18

19

20        Respondent hereby submits the following exhibits to be lodged with Clerk of the Court

21  in support of the answer and supporting memorandum.

             **RESPONDENT'S INDEX TO LODGED EXHIBITS**
22

23        EXHIBIT A:   Clerk's transcript (1 volume)

24        EXHIBIT B:   Reporter's transcript - Reporter's master index of proceedings

25                  –    Reporter's transcript (4 volumes);

26                  –    Reporter's transcript (December 8-10, 2004)

27                  –    Reporter's transcript (December 13, 2004)

28                  –    Reporter's transcript (December 14, 2004)

*McKenzie v. Adams* - Notice of Lodging of, and Index to, Exhibits - C 08-0551 PJH (PR)

1

1    EXHIBIT C and C1: Appellant's opening brief, and supplemental opening brief

2    EXHIBIT D:   Respondent's brief

3    EXHIBIT E:   Appellant's reply brief

4    EXHIBIT F:   State Court opinion

5    EXHIBIT G:   Petition for review

6    EXHIBIT H:   Order Denying petition for review

7    EXHIBIT I:   Petition for writ of habeas corpus filed in the California Supreme Court

8    EXHIBIT J:   Order denying petition for writ of habeas corpus

9    EXHIBIT K:   Clerk's minutes, Santa Clara County Case No. EE220921

10

11

12    Dated:  May 29, 2008

13                              Respectfully submitted,

14                              EDMUND G. BROWN JR.
                                Attorney General of the State of California

15                              DANE R. GILLETTE
                                Chief Assistant Attorney General

16
                                GERALD A. ENGLER
17                              Senior Assistant Attorney General

                                PEGGY S. RUFFRA
18                              Supervising Deputy Attorney General

19

20
                                **/s/ Allan Yannow**
21                              ALLAN YANNOW
                                Deputy Attorney General

22                              Attorneys for Respondent

23    40258139.wpd

24    SF2008400557

25

26

27

28

*McKenzie v. Adams* - Notice of Lodging of, and Index to, Exhibits - C 08-0551 PJH (PR)